IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 8:18-389 |
| | ) | 18 U.S.C. § 844(d) |
| | ) | 18 U.S.C. § 844(h)(1) |
| | ) | 18 U.S.C. § 844(h)(2) |
| | ) | 18 U.S.C. § 924(c)(1)(A)(i) |
| | ) | 18 U.S.C. § 924(c)(1)(A)(ii) |
| | ) | 18 U.S.C. § 924(c)(1)(A)(iii) |
| vs. | ) | 18 U.S.C. § 924(c)(1)(B)(ii) |
| | ) | 18 U.S.C. § 924(c)(1)(C)(ii) |
| | ) | 18 U.S.C. § 924(c)(3)(A) |
| | ) | 26 U.S.C. § 5841 |
| | ) | 26 U.S.C. § 5861(d) |
| | ) | 26 U.S.C. § 5871 |
| | ) | 18 U.S.C. § 844(c)(1) |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 981(a)(1)(G) |
| WESLEY DALLAS AYERS | ) | 28 U.S.C. § 2461(c) |

INDICTMENT

2018 APR 11 AM 9: 17
RECEIVED
USDC CLERK, GREENVILLE, SC

COUNT 1

THE GRAND JURY CHARGES:

That on or about January 30, 2018, in the District of South Carolina, the Defendant,

WESLEY DALLAS AYERS, transported and attempted to transport in interstate commerce,

explosive materials, with knowledge and intent that the said explosive materials would be used to

kill, injure, and intimidate a person and which did, in fact, injure and intimidate a person;

In violation of Title 18, United States Code, Section 844(d).

1

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about January 30, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, knowingly used explosive materials to commit a felony, which is prosecutable in a court of the United States, and carried an explosive during the commission of a felony, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Sections 844(h)(1) and (2).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about January 30, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, knowingly did possess, use, and carry a firearm, that is, a destructive device, during and in relation to, and in furtherance of a crime of violence, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), and 924(c)(3)(A).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about February 15, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, transported and attempted to transport in interstate commerce, explosive materials, with knowledge and intent that the said explosive materials would be used to kill, injure, and intimidate a person and to unlawfully damage and destroy property;

In violation of Title 18, United States Code, Section 844(d).

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about February 15, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, knowingly used explosive materials to commit a felony, which is prosecutable in a court of the United States, and carried an explosive during the commission of a felony, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Sections 844(h)(1) and (2).

THE GRAND JURY FURTHER CHARGES:

That on or about February 15, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, knowingly did possess, use, and carry a firearm, that is, a destructive device, during and in relation to and in furtherance of, a crime of violence, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 924(c)(1)(C)(ii), and 924(c)(3)(A).

COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about February 24, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, transported and attempted to transport in interstate commerce, explosive materials, with knowledge and intent that the said explosive materials would be used to kill, injure, and intimidate a person and to unlawfully damage and destroy property;

In violation of Title 18, United States Code, Section 844(d).

<u>COUNT 8</u>

THE GRAND JURY FURTHER CHARGES:

That on or about February 24, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, knowingly used explosive materials to commit a felony, which is prosecutable in a court of the United States, and carried an explosive during the commission of a felony, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Sections 844(h)(1) and (2).


<u>COUNT 9</u>

THE GRAND JURY FURTHER CHARGES:

That on or about February 24, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, knowingly did possess, use, and carry a firearm, that is, a destructive device, during and in relation to and in furtherance of, a crime of violence, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 924(c)(1)(C)(ii), and 924(c)(3)(A).

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

That on or about January 30, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, knowingly possessed a firearm, that is, a destructive device, which was not registered to him in the National Firearms Registration and Transfer Record;

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.


## COUNT 11

THE GRAND JURY FURTHER CHARGES:

That on or about February 15, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, knowingly possessed a firearm, that is, a destructive device, which was not registered to him in the National Firearms Registration and Transfer Record;

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.


## COUNT 12

THE GRAND JURY FURTHER CHARGES:

That on or about February 24, 2018, in the District of South Carolina, the Defendant, WESLEY DALLAS AYERS, knowingly possessed a firearm, that is, a destructive device, which was not registered to him in the National Firearms Registration and Transfer Record;

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

# FORFEITURE

A.   EXPLOSIVE MATERIALS:

Upon conviction for violation of Title 18, United States Code, Section 844 as charged in this Indictment, the Defendant, WESLEY DALLAS AYERS, shall forfeit to the United States any property, real or personal, involved in the offense, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (G), 18 U.S.C. § 844(c)(1) and 28 U.S.C. § 2461(c).

B.   PROPERTY:

The property subject to forfeiture includes, but is not limited to, the following:

Cash Proceeds/Money Judgment:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offense charged in the Indictment, and all interest and proceeds traceable thereto, and/or a sum of money equal to all property involved in the arson offense charged in the Indictment, and all interest and proceeds traceable thereto.

C.   SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

(a)   cannot be located upon the exercise of due diligence;
(b)   has been transferred or sold to, or deposited with a third person;
(c)   has been placed beyond the jurisdiction of the Court;
(d)   has been substantially diminished in value; or
(e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the said Defendant up to the value of the above described forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (G), 18 U.S.C. § 844(c)(1) and Title 28, United States Code, Section 2461(c).

A _True_ Bill

REDACTED

Foreperson

BETH DRAKE            (DJB/twd)
UNITED STATES ATTORNEY